[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 22, 1993 Date of Application July 22, 1993 Date of Application Filed August 4, 1993 Date of Decision March 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR 92-208773.
Louis S. Avitabile, Esq., Defense Counsel for Petitioner.
Eva Lenczewski, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner, who was 24 years of age at the time, was convicted following a trial by jury of Accessory to Kidnapping 1st degree § 53a-8, 53a-92a(2)(A); and Accessory to Assault 1st degree § 53a-8, 53a-59 (a)(1).
He was sentenced to a term of 20 years, execution suspended after 15 years, 5 years of probation on the kidnapping count and to a term of 10 years concurrent on the assault count for a total effective sentence of 20 years, execution suspended after 15 years, 5 years probation.
The underlying facts, which are reported in State v. Taylor,37 Conn. App. 464, 466-67 (1995), are summarized as follows:
On the evening of August 1, 1992, the victim, Norman Reynolds, was walking on Berkley Street in Waterbury. A vehicle operated by the victim's brother-in-law, Duane Gooch, drove up near the victim. The defendant was seated in the front passenger seat of the car and Jamel Hurtle was seated in the backseat, holding a nine millimeter weapon. When the vehicle came to a CT Page 4598 stop, Gooch asked the victim to get into the car.
The victim, who had stolen money and narcotics from Gooch, refused to enter the car fearing that Gooch was angry with him. When the victim refused to enter the car, the three men existed the vehicle and forced the victim inside. In doing so, the defendant struck the victim in the face. After the victim was forced into the car, Hurtle placed the gun in the area of the victim's ribs. Gooch threatened to tie the victim's hands and legs together, break his hands and shoot his fingers off. The defendant threatened to "kick [the victim's] ass really bad. . . ."
Gooch drove around in Waterbury while Hurtle kept the gun trained on the victim. Gooch finally stopped the car on Eastern Avenue and told the victim that they had arrived at the victim's "death spot." He ordered the victim out of the car and the three men forced the victim to accompany them down a hill. Hurtle pointed the gun to the victim's head and the defendant pushed the victim with his hands to keep the victim moving.
While the men were walking down the hill Hurtle, who had the gun, slipped and fell. The victim jumped on Hurtle and tried to take the gun from him. The defendant grabbed the victim while Gooch picked up a rock and struck the victim on the head, rendering the victim unconscious. The victim was unconscious when he was shot in the chest by one of the three men.
The victim was found at about 9 p. m. that evening by uniformed officers of the Waterbury housing authority who had been alerted by a group of youths that three men were beating a man behind one of the buildings. As the officers approached the rear of the building, they heard a shot and observed three black men getting into a blue four door foreign car that was parked at the top of an embankment. The victim was transported by ambulance to a hospital where he underwent surgery.
On August 2, 1992, Detective James Clary of the Waterbury police department visited the victim in the intensive care unit of the hospital. Although unable to speak, the victim indicated in writing that he had been shot by Gooch. Clary left the hospital, located Gooch and took him into custody. Gooch implicated the defendant in the actions directed against the victim.
In asking for a modification, petitioner's counsel argues that the petitioner was the least culpable of the three CT Page 4599 co-accused and was convicted as an accessory. Our statutes do not, however, distinguish between accessory and principal as far as penalty.
In this case, the petitioner, unlike the co-defendants, requested a speedy trial and tried his case to the jury. After his conviction the co-defendants entered pleas of guilty to charges and were each sentenced to terms of ten years to serve. Apparently the petitioner rejected a similar offer prior to his trial. There is no requirement that co-defendants be treated equally and the circumstances of each case affect the individualized dispositions.
The State's Attorney argues that the petitioner was actively involved in the kidnaping and assault of the victim. He participated in forcing the victim into the vehicle. He threatened to beat him "really bad". He held the victim while a co-defendant struck him with a rock into unconsciousness. He knew that the victim was being taken to his supposed "death spot."
This was a heinous crime and the petitioner, unlike the co-defendants, denied responsibility for his part in it and maintained his innocence to the writer of the pre-sentence report. One of the purposes of a sentence is rehabilitation of the defendant. It is well understood that rehabilitation is far less likely without an acknowledgment of wrong-doing and acceptance of responsibility. The petitioner is distinguished from his co-defendants in this regard.
In addition he has prior convictions for larceny and sale of narcotics and was on probation on the narcotics charge when this offense occurred. He had a history of using drugs and earlier attempts to rehabilitate him were unsuccessful because of lack of motivation.
Given the petitioner's background, the seriousness of the crime, and the other circumstances of this case, it cannot be said the sentence is inappropriate or disproportionate as required by § 942 of the Practice Book for modification.
The sentence, accordingly, is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.
KLACZAK, JUDGE.
NORKO, JUDGE. CT Page 4600
MIANO, JUDGE.